UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Audrey Jones**, **Nicholas Jones**, **Greg Schrock**, and **Marianelly Schrock**,<br>　　　　*Plaintiffs,*<br>　　v.<br><br>**Kiame Mahaniah**, Secretary of the Massachusetts Department of Health and Human Services, in his official capacity;<br>**Staverne Miller**, Commissioner of the Massachusetts Department of Children and Families, in her official capacity;<br>**Lori-Ann Dibella**, Manager of the Northern Regional Licensing Unit of the Massachusetts Department of Children and Families, in her official capacity; and<br>**Sarah Petty**, Supervisor of the Northern Regional Licensing Unit of the Massachusetts Department of Children and Families, in her official capacity;<br>　　　　*Defendants.* | Case No. 4:25-cv-12449-MGM<br><br>**Plaintiffs' Notice of Motion and Motion for Preliminary Injunction**<br><br>Oral Argument Requested |

### LOCAL RULE 7.1 CONFERRAL

I certify that the parties have made a good faith attempt to resolve this motion over the course of several audio calls, but Defendants were not willing to stipulate to the requested relief.

### MOTION

Plaintiffs Audrey Jones, Nicholas Jones, Greg Schrock, and Marianelly Schrock move for a preliminary injunction against Defendants under Federal Rule of Civil Procedure 65 to stop them from further violating their First Amendment Rights.

1

Motion for Preliminary Injunction

Challenged policies

Plaintiffs challenge the following regulation:

- 110 C.M.R. § 7.104: In order to be licensed as a foster/adoptive parent, a foster/pre-adoptive parent applicant must meet the following requirements: (1) A foster/pre-adoptive parent applicant must demonstrate, to the satisfaction of the Department the ability: …(d) to promote the physical, mental, and emotional well-being of a child placed in his or her care, <u>including supporting</u> and respecting <u>a child's sexual orientation or gender identity</u>.

Plaintiffs refer to the underlined portions of this regulation as the "Policy."

Scope of injunction and persons bound

Plaintiffs seek an order enjoining Defendants and their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with Defendants (who receive actual notice of this motion) from enforcing the Policy against them. Specifically, Plaintiffs seek an order enjoining them from taking the following actions:

1. Requiring Plaintiffs to do any of the following as a condition of applying for a foster-care license, being approved for a foster-care license, or participating at any stage in the foster-care or adoption process:

    a. agree to speak views supporting or affirming a child's sexual orientation, gender identity, or gender expression in a way that conflicts with Plaintiffs' sincerely held religious beliefs that sexual activity should only occur within the confines of a marriage between one man and one woman, and a person should identify and seek to live consistent with their biological sex.

2

Motion for Preliminary Injunction

    b. refrain from expressing their beliefs that sexual activity should only occur within the confines of a marriage between one man and one woman, and a person should identify and seek to live consistent with their biological sex.

    c. otherwise support or affirm a child's sexual orientation, gender identity, or gender expression in a way that conflicts with Plaintiffs' sincerely held religious beliefs that sexual activity should only occur within the confines of a marriage between one man and one woman, and a person should identify and seek to live consistent with their biological sex.

To provide further clarification about the scope of the requested order, Plaintiffs do not seek to prohibit Defendants from considering their views on sexual orientation, gender identity, and gender expression to evaluate individual placement decisions. Rather, Plaintiffs seek to prohibit Defendants from penalizing or categorically disqualifying Plaintiffs because of their beliefs related to sexual orientation, gender identity, or gender expression.

<u>Reason for injunction</u>

In support of their motion, Plaintiffs rely on any filed pleadings, including:

- The Verified Complaint (Doc. 1) ("Compl.") and the exhibits attached thereto (Doc. 1-1);
- Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction;
- Declaration of Audrey Jones in Support of Plaintiffs' Motion for Preliminary Injunction;
- Declaration of James McGowan in Support of Plaintiffs' Motion for Preliminary Injunction and supporting exhibits;

- Reply in Support of Plaintiffs' Motion for Preliminary Injunction (when filed)

<u>Security</u>

The ultimate "purpose of [an injunction] bond is to ensure that the enjoined party may readily be compensated for the costs incurred as a result of" complying with a wrongful injunction. *Axia NetMedia Corp. v. Mass. Tech. Park Corp.*, 889 F.3d 1, 11 (1st Cir. 2018). District courts have "wide discretion" to set bond, *id.*, or to require no bond where there has been no showing that there will be "harm[ ] without the bond," *Pineda v. Skinner Servs.*, 22 F.4th 47, 57 (1st Cir. 2021).

Plaintiffs ask this Court to waive any bond for two reasons. First, a bond would burden their ability to seek injunctive relief to protect themselves and similarly situated families from a policy that violates First Amendment rights. *See Crowley v. Local No. 82*, 679 F.2d 978, 1000-01 (1st Cir. 1982) (noting that "no bond is required in suits to enforce. . . 'public interests,'" and courts should consider "the impact that a bond requirement would have on enforcement of [a federal] right"), *reversed on other grounds by Local No. 82 v. Crowley*, 467 U.S. 526 (1984). Second, granting an injunction poses no risk of harm to the Defendants—certainly no pecuniary risk. *See Pineda*, 22 F.4th at 57.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs ask the Court to hear oral argument on their motion at a time and date set by the Court.

Respectfully submitted this 14th day of November, 2025.

/s/*Johannes Widmalm-Delphonse*
Johannes Widmalm-Delphonse
(VA Bar No. 96040)**
Mallory Sleight
(NE Bar No. 27129)**
**Alliance Defending Freedom**
44180 Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
jwidmalmdelphonse@adflegal.org
msleight@adflegal.org

Henry W. Frampton, IV
(SC Bar No. 75314)**
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
hframpton@adflegal.org

/s/*Sam Whiting*
Sam Whiting
(MA Bar No. 711930)*
**Massachusetts Liberty Legal Center**
P.O. Box 2616
Acton, MA 01720
Telephone: (774) 462-7043
sam@malibertylegal.org

/s/*Andrew Nussbaum*
Andrew Nussbaum
(CO Bar No. 50391)**
**First & Fourteenth PLLC**
2 N. Cascade Avenue
Suite 1430
Colorado Springs, CO 80903
Telephone: (719) 428-2386
andrew@first-fourteenth.com

James Compton
(MD Bar No. 2011040002)**
**First & Fourteenth PLLC**
800 Connecticut Avenue NW
Suite 300
Washington, D.C. 20006
Telephone: (202) 998-7975
james@first-fourteenth.com

*Counsel for Plaintiffs*
**\*** *Local Co*unsel
**\*\****Admitted Pro Hac Vice*

6

## CERTIFICATE OF SERVICE

     I hereby certify that on November 14, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

                                              */s/Johannes Widmalm-Delphonse*
                                              Johannes Widmalm-Delphonse
                                              *Counsel for Plaintiffs*